Peirce v. Ott, 201 Ill. App. 46.

## Charles M. Peirce, Appellant, v. William Ott, Appellee.

### (Not to be reported in full.)

Appeal from the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915. Rehearing denied December 11, 1915.

### Statement of the Case.

Action by William Ott, plaintiff, against Charles M. Peirce, defendant, for work and labor. From a judgment for the plaintiff before a justice of the peace, the defendant appealed to the County Court, and from a judgment for the plaintiff there, the defendant appeals to this court.

What happened in the County Court after the jury returned a verdict for the plaintiff is thus shown by the abstract.

"Motion by defendant for new trial order of court overruling, motion for new trial, exception by defendant, appeal prayed to the Appellate Court, and allowed."

CHARLES M. PEIRCE, *pro se* and LESTER H. MARTIN, for appellant.

WALKER R. FLINT and A. M. HESTER, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 291*—*when order not appealable.* An order overruling a motion for a new trial is neither a final judgment nor an appealable order.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. APPEAL AND ERROR, § 866*—*what abstract must contain.* An appellant must bring before the reviewing court not only in the record, but in the abstract of the record, everything that is necessary for such court to know and intelligently pass upon the question raised on appeal, and a court of review will look only to the abstract for error.

3. APPEAL AND ERROR, § 1786*—*when no reversal possible.* Where an abstract on appeal fails to show an appealable order or a final judgment, there is nothing to reverse even if manifest error had been committed on the trial.

4. APPEAL AND ERROR, § 1744*—*what court will consider in passing on judgment.* A court of review will always look at the record to find reason to affirm a judgment.

5. APPEAL AND ERROR, § 1752*—*when judgment affirmed pro forma.* Where on appeal it appeared from the record that a final judgment was in fact entered on the verdict, such judgment was affirmed *pro forma* for want of a sufficient abstract.